## Richmond.

### COMMONWEALTH v. GUGGENHEIMER, &c.

November 29th, 1883.

(*Twenty-three cases.*)

1. STATUTES—*Construction—Taxes—Coupons.*—Act of 14th January, 1882, "to prevent frauds on the Commonwealth," &c., applies not to coupons detached from bonds issued under funding bill of 1879, but only to coupons detached from bonds issued under funding bill of 1871. *Commonwealth* v. *H. M. Smith*, 76 Va. 477. *Approved.*

2. IDEM—*Idem- -Remedy—Cases at bar.*—Tax payers prior to 1st December, 1882, tendered coupons detached from bonds issued under funding bill of 1879, in payment of their taxes to the collector, who returned that he was ready to receive the coupons in payment of those taxes as soon as they had been legally ascertained to be genuine, and the law of the case complied with. Circuit court sustained demurrer to the return and awarded *mandamus.*

HELD:

    1. The demurrer was properly sustained.

    2. The tax payers were entitled to writs of *mandamus,* to compel the collector to receive the coupons.

    3. That the act of 26th of January, 1882, abolishing the writ of *mandamus* in such cases, and providing another remedy, did not take effect until after the tender of those coupons—to-wit: not until 1st December, 1882.

Error to judgments of circuit court of Lynchburg, rendered in twenty-three separate cases on 17th May, 1883, on petitions of certain tax payers of the Commonwealth, who tendered, prior to 1st December, 1882, in payment of their taxes, coupons detached, from bonds issued under funding bill of 1879. Those tax payers were Guggenheimer & Co., Lloyd, Phelps & Co., V. Winfree & Lloyd, Han-

cock & Moorman, G. M. Jones, Karn & Hickson, John T. Davis, C. Christian, James Boyd, D. E. Spence, Watts & Co., Geo. W. Smith, C. V. Winfree, G. W. Watts, S. C. Hurt & Co., Joseph L. Lawson, R. T. Watts, John J. Dillard, M. R. C. Steptoe, Jones, Watts & Co., John Wall, H. Boyd's executor, and L. Moore. Upon the refusal of the collector, V. G. Dunnington, they severally petitioned for writs of *mandamus*, to compel his receipt thereof. He made returns that he was ready to receive the coupons when the same had been verified, and the act of January 26th, 1882, complied with. Petitioners demurred to the return. The circuit court sustained the demurrer, and awarded a peremptory *mandamus*. Defendant moved for a new trial, which was denied; and defendant obtained from one of the judges of this court writs of error and *supersedeas*. All the cases were heard together, and the opinion states the remaining facts, as well as the positions taken by the plaintiff in error.

*F. S. Blair, Attorney-General*, for plaintiff in error.

*W. W. Larkin* and *R. L. Maury*, for defendants in error.

LACY, J., delivered the opinion of the court.

These are cases brought to this court by the plaintiff in error from the circuit court of the city of Lynchburg, and all involve the same questions, and have been heard and considered together.

The facts are as follows: The defendants in error, tax payers of the Commonwealth, were indebted to the said Commonwealth for taxes, and prior to December 1st, 1882, tendered to V. G. Dunnington, the collector of taxes due the State in the city of Lynchburg, certain coupons cut from the bonds of the Commonwealth, issued under the act of assembly approved March 29, 1879, which were due.

The said collector refused to receive the coupons so tendered; and thereafter, on the 30th day of November, 1882, a rule was awarded in each of said cases upon the petition of each of the said defendants, by the circuit court of Lynchburg, against said collector, to show cause why a mandamus should not issue requiring him to accept the coupons tendered in payment of said taxes; and upon the answer of the said collector at the next term of the court, that he was ready to receive said coupons in payment of the taxes of the said petitioners, as soon as they had been legally ascertained to be genuine, and the petitioners had severally complied with the act of assembly in such case made and provided. To this return the petitioner in each case demurred, and the demurrer was sustained, and a peremptory writ of mandamus was issued in each case by the said court, from which the plaintiff in error applied to this court for a writ of error, which was awarded.

The first error assigned is, that the writ was improperly granted because an adequate and complete remedy was provided by the act of January 14th, 1882, and by the act of January 26th, 1882. Secondly, that the proceedings in the premises did not conform to the said acts, and that the coupons were not verified as the said acts required.

The coupons in this case were tendered by the tax payers, in each case, to the collector before the first day of December, 1882, and an inspection of the act approved January 26th, 1882, shows that it did not go into effect until the said date—December 1st, 1882. By that act, it is true that the writ of mandamus was abolished, and it is also true that coupons were thereby required to be verified as therein prescribed; but that act had not gone into effect when this cause of complaint, if any, arose and so does not apply to these cases.

As to the effect which the act of January 14th, 1882, had upon these cases, this court, in the case of the *Common-*

*wealth* v. *Smith,* 76 Va. Rep. 477, decided that the coupons cut from the bonds issued under the act of 1879 were not embraced within the provisions of that act. The said case of the *Commonwealth* v. *Smith* being a case like these, and having been decided before the first day of December, 1882, constituted certainly the law of these cases in the circuit court. And when we come to consider the said two acts of the legislature, we find that the legislature, for reasons not known to the court, provided in the act of January 14th, 1882, which was to take immediate effect, only against the coupons cut from the bonds issued under the act of 1871. And for reasons, which no doubt commended such action, provided that the act which should affect the coupons in question should not go into operation until December 1st, 1882.

If this court felt so impelled by any consideration whatever, it has not the power to add to the terms of this act. If the legislature provided that the said act should not become a law until the said first day of December, 1882, this court cannot put it into operation before that time. And the court could not lawfully construe it so as to defeat the act of the legislature in any respect. The court, in construing the law, is compelled to conclude, as the subject was under consideration and the enactment positive as to the day it should go into effect, that the act, as it was completed and approved, is the expression of the legislative will.

The legislature, then, having enacted that the law should take effect December 1st, 1882, have thus declared that before that time it should be of no effect. And it is equally clear that it was the result of the legislative will, and its expression, that the act of March, 1879, should remain in undisturbed operation until that date. The question, of course, would be a widely different one if the coupons in question had been tendered after the first day of Decem-

ber, 1882. And we may add, that the two acts being considered together, and having been passed by the same legislature within the same month, the difference between them cannot be considered as accidental, but must be accepted as the deliberate result of the legislative will.

The case of the *Commonwealth* v. *Smith* has not been reheard, and under the circumstances the rights of the defendants in error must be held to have vested under that decision, their coupons having been tendered, under its rulings, before the first day of December, 1882, and they are equally entitled with Smith to have them received.

We are of opinion to affirm the judgments in each case.

JUDGMENTS AFFIRMED.